UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

PEPPERTREE ON THE PARK
CONDOMINIUM ASSN., INC.,

     Plaintiff,

vs.

CLARENDON AMERICA
INSURANCE  COMPANY,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, PEPPERTREE ON THE PARK CONDOMINIUM ASSN., INC. ("PEPPERTREE") hereby sues Defendant, CLARENDON AMERICA INSURANCE COMPANY (the "Insurance Company") and alleges:

1.  This is an action for damages which exceeds Seventy Five Thousand ($75,000.00) Dollars exclusive of interest, costs and attorneys' fees between citizens of two different states.  As such, this Court has diversity jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

2.  At all material times, PEPPERTREE was and is a citizen of the State of Florida, and was authorized to do, and is doing business in Florida.

3.  At all material times, the Insurance Company was an eligible surplus lines insurer and is authorized by the State of Florida to conduct business in Broward County, Florida, including the issuance of insurance policies to consumers such as PEPPERTREE.

4.      At all material times, the Insurance Company was incorporated in the State of New Jersey and had its principal place of business in the State of New York.

## FACTUAL BACKGROUND

5.      At all material times, PEPPERTREE entered into an insurance contract with the Insurance Company bearing policy number  APX-PROP-00057456 (the "Policy") with respect to the property located at 1413-1423 Avon Lane, North Lauderdale, FL 33068 (the "Property").  A copy of the Policy is attached as Exhibit A.

6.      On or about October 24, 2005, the Property suffered substantial damage as a result of Hurricane Wilma.

7.      The Policy provided coverage for all of the losses, damages, and expenses that PEPPERTREE suffered and incurred with respect to this loss.

8.      Insurance policies issued in Florida (including the Policy) incorporate all Florida Statutes, including Sections 626.877 (adjustment practices); 626.878 (code of ethics); 627.428 (attorney's fees); 55.03 and 687.01 (interest); and 120.54 which incorporates the ethical requirements set forth in the Florida Administrative Code which incorporates the Adjuster's Code of Ethics, 69B-220.201.

9.      In accordance with the terms and conditions of the Policy, PEPPERTREE gave the Insurance Company prompt and timely notice of its claim.

10.     The Policy obligated the Insurance Company to promptly perform an adequate investigation, properly adjust, settle and pay for all of PEPPERTREE's damages which were a part of PEPPERTREE's claim.

11.     The Insurance Company acknowledged PEPPERTREE's claim and assigned it claim number 3467.

12.     The Insurance Company has refused to promptly investigate, pay and/or settle PEPPERTREE's claim, and refuses to comply with its duties and obligations imposed upon it under the Policy.

13.     PEPPERTREE has also given the Insurance Company along with its adjusters, attorneys and experts full and complete access to the Property to conduct complete inspections.

14.     After an initial evaluation of this claim, the Insurance Company incorrectly calculated the damages to the property and attempted to apply a separate hurricane deductible which is not authorized under Florida law.   The Insurance Company has also indicated that it intends on applying a co-insurance penalty to any claim of loss.

15.     PEPPERTREE does not agree with the Insurance Company's evaluation of the loss.

16.     PEPPERTREE has complied with all terms and conditions of the Policy and all conditions precedent to the bringing of the instant action have been performed, waived or excused.

17.     PEPPERTREE has hired undersigned counsel to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services.

18.     Pursuant to Chapter 627.428, Florida Statutes, PEPPERTREE is entitled to recover the legal fees incurred in bringing this action.

## COUNT I
## BREACH OF INSURANCE CONTRACT

19.     PEPPERTREE realleges and adopts paragraphs 1 - 18 above.

20.     By failing and continuing to fail to pay PEPPERTREE for the damage to its Property, the Insurance Company has breached the Policy.

21.    The Insurance Company has failed to properly investigate and adjust PEPPERTREE's claim by unreasonably delaying its investigation and payment of the claim and by making demands as to documents, examinations under oath and proofs of loss that were contrary to the terms of the Policy.

22.    As a result of the Insurance Company's breaches, PEPPERTREE has suffered damages.

**WHEREFORE**, PEPPERTREE demands entry of judgment in its favor and against the Insurance Company for damages in excess of the jurisdictional limits of this Court, together with pre- and post-judgment interest, attorney's fees pursuant to Section 627.48, Florida Statutes, costs and such other relief as the Court deems just and proper.

<u>**COUNT II**</u>
<u>**BREACH OF CONTRACT--VIOLATION OF SECTION 627.701 AND 627.410,**</u>
<u>**FLORIDA STATUTES**</u>

23.    PEPPERTREE adopts and realleges paragraphs 1 - 18 above.

24.    The Insurance Company offered to provide property insurance coverage to PEPPERTREE for the years 7/3/05 through 7/3/06, in exchange for a premium of $27,000.

25.    PEPPERTREE accepted the Insurance Company's offer of property insurance coverage and paid the premium of $27,000.

26.    The Policy contains a separate hurricane deductible.

27.    Section 627.701(4)(a), Florida Statutes, states, in part, that "any policy that contains a separate hurricane deductible must on its face include in boldfaced type no smaller than 18 points the following statement:   "THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU."

28.    The Insurance Company failed to include this statement on the face of the policy.

29.    The Insurance Company's failure to include the required separate hurricane deductible language constitutes a violation of the express requirements of Section 627.701, Florida Statutes and thereby is a breach of the Insurance Contract.

30.    The Insurance Contract also contains a coinsurance provision applicable to hurricane losses.

31.    Section 627.701(1)(a) requires that the following language appear on the face of the policy or on a form: "Coinsurance contract: The rate charged in this policy is based upon the use of the coinsurance clause attached to this policy, with the consent of the insured."

32.    Further, section 627.701(4)(a), Florida Statutes, states, in part, that "a policy containing a coinsurance provision applicable to hurricane losses must on its face include in boldfaced type no smaller than 18 points the following statement:  "THIS POLICY CONTAINS A CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU."

33.    The Insurance Contract does not comply with section 627.701(1)(a) or (4)(a).

34.    The Insurance Company's failure to include the required coinsurance provision language constitutes a violation of the express requirements of Section 627.701, Florida Statutes and thereby is a breach of the Insurance Contract.

35.    Further, it is the Plaintiff's understanding and belief that the Defendant did not file the provisions which comprise the separate hurricane deductible or the coinsurance penalty with the Florida Department of Insurance and/or Office of Insurance Regulation in accordance with Fla. Stat. § 627.410.

36.     The Insurance Company's failure to include the required separate hurricane deductible statement and coinsurance penalty constitutes a violation of the express requirements of Section 627.701, Florida Statutes which renders the separate hurricane deductible and the coinsurance penalty void and unenforceable.   Further, the Insurance Company's failure to comply with the requirements of Fla. Stat. § 627.410 equally render the separate hurricane deductible and coinsurance penalty void and unenforceable under Florida law.

**WHEREFORE**, PEPPERTREE demands entry of judgment in its favor and against the Insurance Company for damages in excess of the jurisdictional limits of this Court, special damages for violation of Section 627.701 and 627.410, Florida Statutes, together with pre- and post-judgment interest, attorney's fees pursuant to Section 627.428, Florida Statutes, costs and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PEPPERTREE demands a trial by jury of all issues so triable as a matter of right.

Dated:  September 10, 2010

Respectfully submitted,

BY:   */s/ Edward H. Zebersky, Esq.*
EDWARD H. ZEBERSKY, ESQ.
Fla. Bar No. 0908370
*ezebersky@zpllp.com*
TODD S. PAYNE, ESQ.
Fla. Bar No. 834520
*tpayne@zpllp.com*
ZEBERSKY & PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, FL 33301
Telephone:     (954) 989-6333
Facsimile:     (954) 989-7781

Seth Miles, Esq.
Fla. Bar No. 0385530
*sem@grossmanroth.com*
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Blvd., Ste. 1150
Coral Gables, FL  33134
Telephone:     (305) 442-8666
Facsimile:     (305) 285-1668

*Counsel for the Plaintiff*